[Civ. No. 38987. First Dist., Div. Three. Mar. 9, 1977.]

COAC, INC., Plaintiff and Appellant, v.
KENNEDY ENGINEERS et al., Defendants and Respondents.

## COUNSEL

Robert N. Katz for Plaintiff and Appellant.

Hanson, Bridgett & Marcus, Hanson, Bridgett, Marcus, Milne & Vlahos, John J. Vlahos and Michael A. Duncheon for Defendants and Respondents.

## OPINION

**GOOD, J.\***—COAC, Inc. (appellant) filed its complaint against Kennedy Engineers (respondents) alleging that appellant was the successful bidder and had entered into a written contract with Coastside County Water District (District) for the construction of a water treatment plant known as Denniston Creek Project—Phase I; that a few months before the contract's award, District had executed a contract with respondents for the preparation of engineering plans and specifications as well as an environmental impact report (EIR) for the project; that respondents breached said contract with District, "which contract was for the benefit of [appellant], by failing to prepare and provide" an EIR; and, that by reason of such breach appellant was damaged by a 65-day delay in construction. A second cause of action alleges that when appellant thereafter furnished the EIR it was defective and did not comply with the requirements of the California Environmental Quality Act (CEQA), and, that appellant was again forced to suspend construction for 163 days. Respondents demurred generally and upon the ground of uncertainty because there was no allegation of whether the contract sued upon was express or implied or whether it was written or oral. The general

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

demurrer was sustained without leave to amend. Judgment of dismissal was entered and this appeal ensued.

■ Where a general demurrer to a complaint is sustained without leave to amend "the issues presented are whether the complaint states a cause of action, and if not, whether there is a reasonable possibility that it could be amended to do so." (*MacLeod* v. *Tribune Publishing Co.* (1959) 52 Cal.2d 536, 542 [343 P.2d 36].) Appellant has attached to its opening brief a proposed amended complaint which amplifies the substance of the complaint filed and alleges that the contract between respondents and District was "expressly" for the benefit of appellant; that appellant had relied thereon in preparing its bid and further relied on respondents' continuing expertise in the engineering services and supervision that respondents were required to furnish during the course of construction to the end that "all the plans, specifications, environmental impact reports . . . were properly prepared and all clearances and permits obtained and in order" so that appellant, as general contractor, could perform its contract in a timely manner without hindrance or delay.

It is not important that the original complaint failed to use the word *express* in reciting that the respondent-District contract was for its benefit. The proposed amendment shows that it could have easily been amended so as to bring appellant under Civil Code section 1559 which reads: "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." *Martinez* v. *Socoma Companies, Inc.* (1974) 11 Cal.3d 394, at page 400 [113 Cal.Rptr. 585, 521 P.2d 841], states: "This section excludes enforcement of a contract by persons who are only incidentally or remotely benefited by it. [Citation.] American law generally classifies persons having enforceable rights under contracts to which they are not parties as either creditor beneficiaries or donee beneficiaries." Section 133 of the Restatement of Contracts is cited for its definitions of donee, creditor and incidental beneficiaries. A creditor beneficiary status arises "if no purpose to make a gift appears from the terms of the promise in view of the accompanying circumstances and performance of the promise will satisfy an actual or supposed or asserted duty of the promisee to the beneficiary. . . ." *Martinez* further says: "A person cannot be a creditor beneficiary unless the . . . contract will discharge some form of legal duty owed to the beneficiary by the promisee." (Rest., Contracts, § 133, subd. (1)(b); *Hartman Ranch Co.* v. *Associated Oil Co.* (1937) 10 Cal.2d 232, 244 [73 P.2d 1163]; *R. J. Cardinal Co.* v. *Ritchie*

(1963) 218 Cal.App.2d 124, 135-136 [32 Cal.Rptr. 545].) ■ But it is not necessary that the contract be exclusively for the benefit of the third party to give him a right thereunder nor that he be named and identified as an individual. (*Ralph C. Sutro Co.* v. *Paramount Plastering, Inc.* (1963) 216 Cal.App.2d 433, 437 [31 Cal.Rptr. 174].)

Upon the complaint before us, whether or not appellant is a creditor beneficiary of the contract as alleged between District and respondents depends upon the District's duties to appellant under the construction contract. ■ Under that contract, District owed appellant a legal duty not to hinder, delay, interfere with or prevent his performance. (*Gray* v. *Bekins* (1921) 186 Cal. 389, 394 [199 P. 767]; *Tanner* v. *Title Ins. & Trust Co.* (1942) 20 Cal.2d 814, 825 [129 P.2d 383]; 5 Williston on Contracts (3d ed.) § 677, p. 224.) For construction contract cases wherein derelictions of an owner have prevented full performance or made it impossible to complete construction within the time specified in the contract and the contractor was allowed full recovery, we need cite only *Lowy* v. *United Pacific Ins. Co.* (1967) 67 Cal.2d 87 [60 Cal.Rptr. 225, 429 P.2d 577]; *E. H. Morrill Co.* v. *State of California* (1967) 65 Cal.2d 787 [56 Cal.Rptr. 479, 423 P.2d 551]; and *Lapp-Gifford Co.* v. *Muscoy Water Co.* (1913) 166 Cal. 25 [134 P. 989]. The latter case involved the construction of a pipeline across a government reservation and a railroad right-of-way. Construction was delayed for 47 days because of complications that arose when the owner attempted to secure the railroad's permission to cross the right-of-way. The owner attempted to deduct for this delay. The appellate opinion adopted by the Supreme Court said at page 30 (166 Cal.): "No duty devolved upon plaintiff [contractor], in the absence of an express agreement, to procure the right to cross the railroad [property]. . . . Immediately upon the performance by defendant [owner] of the implied covenant upon its part [to secure the railroad's permission]; plaintiff proceeded to a completion of the contract."

■ In general, where plans, specifications and conditions of contract do not otherwise provide, there is an implied covenant that the owner of the project is required to furnish whatever easements, permits or other documentation are reasonably required for the construction to proceed in an orderly manner. In *Visintine & Co.* v. *New York, Chicago & St. Louis R. Co.* (1959) 169 Ohio St. 505 [160 N.E.2d 311], the plaintiff construction company had a contract with the State of Ohio involving a project of railroad grade crossing elimination. There were contracts between the state and defendant railroads for the railroads to perform certain work that was essential to plaintiff's performance. It was held

that plaintiff was a "creditor beneficiary" of the state-railroad contracts and could maintain an action against the railroads for their breach of such contracts. The court explained: "The state of Ohio owed certain duties to plaintiff under the contract entered into between them. Among those duties was that of providing plaintiff with a site on which it could perform its work without hindrance or delay and of doing those things which it promised to do at such time and in such manner as would not hinder or delay the plaintiff. Even though the state, because of governmental immunity, can not be sued for its failure to perform those duties, the duties nevertheless existed. The performance of those duties was undertaken by the defendants under their contracts with the state of Ohio. Since the contracts between defendants and the state, in addition to the performance of certain obligations assumed by the defendants for the benefit of the state, provided, also, for the performance of certain obligations owed by the state to the plaintiff, it would seem that plaintiff falls squarely within the definition of 'creditor beneficiary.' " (At p. 313.)

Since the 1970 enactment of CEQA (Pub. Resources Code, § 21100 et seq.) and the promulgation of the guidelines mandated therein by section 21083 and found in California Administrative Code, title 14, section 15000 et seq., any project proposed by a public agency as well as private projects requiring issuance of a "lease, permit, license, certificate, or other entitlement for use by one or more public agencies" (Pub. Resources Code, § 21065), which may have a significant effect on the environment are subject to the procedures required by CEQA unless the project is one which is categorically exempt (cf. Pub. Resources Code, § 21084; Cal. Admin. Code, tit. 14, § 15100 et seq.).

These procedures require that a preliminary determination of whether or not a significant effect will result is to be made from an "Initial Study," which under guideline 15083 must be available for public examination. If it is decided that the project does not have such significant effect, the lead agency may complete a "Negative Declaration" and "Notice of Determination" and file them with the secretary of resources if the state is the lead agency or, if it is a county or other local agency, with the county clerk, in sufficient time to provide opportunity for members of the public to respond thereto. If it is decided that a significant effect may result then the lead agency must cause an EIR to be prepared and proceed to the steps set forth in guideline 15085. We are not here concerned with the details of these procedures except to note that compliance with them is required before public funds may be allocated to a project or a project is approved by a local agency. (Pub.

Resources Code, §§ 21150, 21151.) It follows that such compliance is a *sine qua non* for the construction of such projects; and, until the required steps are taken, construction is subject to temporary injunction until compliance is had. It is obvious from the nature of the project that an EIR was required and it was so held in one of the first cases to come before an appellate court after CEQA became effective, i.e., *Environmental Defense Fund, Inc.* v. *Coastside County Water Dist.* (1972) 27 Cal.App.3d 695 [104 Cal.Rptr. 197], which involved the same project here under consideration.

■ The growing number of such cases in California in the past several years indicates that absence of compliance or substantive defects in an attempted compliance will almost certainly delay or hinder construction. It is our opinion that, unless the specifications or conditions of contract provide otherwise, the responsibility for such compliance is upon the public agency and not upon a contractor. The District (respondents' promisee) was therefore subject to an implied covenant to provide an EIR as a necessary condition to appellant's performance of its contract. (Civ. Code, § 1655.)[1] The District attempted to discharge this duty via its contract with respondents. It follows that appellant is a creditor beneficiary thereunder.

We are not impressed with respondents' argument that CEQA and the steps required by it are for the benefit of the general public and not of any individual. Here appellant is not attempting to enforce his right to preserve the quality of the environment. Rather, it seeks to recover damages allegedly incurred because respondents did not perform their contract with District which was a necessary condition to performance of its construction contract. Respondents' reliance on *Martinez* v. *Socoma Companies, Inc., supra,* 11 Cal.3d 394 is misplaced. The plaintiffs therein did not claim to be creditor beneficiaries and the Supreme Court at page 400 notes that the governmental agency involved therein did not have a legal duty toward plaintiffs to provide the benefits set forth in the contracts under which plaintiffs were claiming third party benefits. In *Martinez,* recovery was precluded by section 145 of the Restatement of Contracts which provides that a promissor bound to a municipality is not liable to the public for consequences of its performance *unless* "the promissor's contract is with a municipality to render services the

---

[1]Section 1655 provides: "Stipulations which are necessary to make a contract reasonable, or conformable to usage, are implied, in respect to matters concerning which the contract manifests no contrary intention."

non-performance of which would subject the municipality to a duty to pay damages to those injured thereby." Such duty can be inferred from the allegations of the present complaint and will of course be subject to proof at trial.

Nor do we find persuasion in respondents' public policy arguments which raise the spectre of a flood of litigation from disgruntled private contractors. We cannot alter the implications and legal consequences of CEQA for that reason. As contractors and public agencies have become aware of such consequences it should be possible to avoid undue risk of litigation or vicarious liability. If not, the matter is one for the Legislature rather than the courts. In our case, all of the allegations of the complaint remain subject to proof by appellant. We merely hold that it was error to sustain respondents' demurrer without leave to amend.

The judgment dismissing the complaint is reversed and the cause remanded with directions that the court permit the filing of the amended complaint.

Draper, P. J., and Scott, J., concurred.

A petition for a rehearing was denied April 8, 1977, and respondents' petition for a hearing by the Supreme Court was denied May 5, 1977. Tobriner, J., and Sullivan, J.,* did not participate therein.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.