Opinion
 

 HASTINGS, J.
 

 This is an appeal from a judgment on the pleadings (second amended complaint) in favor of defendant and respondent Steelform Contracting Company (Steelform) and against plaintiff* and appellant Gilbert Financial Corporation (Gilbert).
 

 Gilbert entered into a construction contract with Sheldon Appel Construction Company (Appel) in 1971 to be the general contractor for a bank records storage building in El Monte, California. Appel subcontracted to Steelform the duty to furnish materials and perform the construction of the roof, roof parking deck, roof supports and accompanying structural components for the building.
 

 The building was substantially completed by January 1972. In that month, and at various times thereafter, water from rainfall entered the building, causing damage to the contents of the building and to the building itself. During the period of January 1972 through May 1975 Appel undertook to correct the water leak problems, but was unable to do so. In June of 1975, Gilbert retained other engineers and contractors to solve the problem. These parties dismantled portions of the walls and roof of the building, and informed Gilbert that defective workmanship and materials employed by defendants were responsible for the leakage. Gilbert alleged these were latent defects which first came to its attention at that time.
 

 
 *68
 
 Gilbert’s second amended complaint sought damages from numerous defendants. The two causes of action against respondent Steelform were numbers nine and eleven in the complaint. The ninth cause of action was based on negligence,
 
 [1]
 
 The 11th cause of action was for breach of implied warranty.
 
 [2]
 
 The minute order granting Steelform’s motion to dismiss states that the ninth cause of action was barred by the statute of limitations (three years) and the eleventh cause of action was dismissed because there was no showing of required privity of contract.
 

 The Negligence Action
 

 The first complaint in this action was filed on October 28, 1975, approximately three years and ten months after Gilbert initially discovered the water leakage. Steelform, in its written points and authorities in favor of its motion to dismiss, claimed that the complaint on its face demonstrated that Gilbert had knowledge of the defects in January of 1972; therefore, the defects were not latent and Code of Civil Procedure section 338 (three-year statute) bars plaintiif’s action, citing
 
 Oakes
 
 v.
 
 McCarthy Co.,
 
 267 Cal.App.2d 231, 245, 255 [73 Cal.Rptr. 127];
 
 Veterans’ Welfare Bd.
 
 v.
 
 City of Oakland,
 
 74 Cal.App.2d 818, 830 [169 P.2d 1000]; and
 
 Smith
 
 v.
 
 City of Los Angeles,
 
 66 Cal.App.2d 562, 583 [153 P.2d 69],
 

 Gilbert alleged in the complaint that Appel represented on its own behalf and for the subcontractors that it would cure the defects. Appel attempted to do so for a period of approximately three years but Gilbert then found it necessary to hire other parties to perform the repairs. In 2 Witkin, California Procedure (2d ed. 1970) Actions, section 395, page 1227, under the heading “Inducement Not To Sue” is this comment: “The first tolling situation is where the defendant makes
 
 *69
 
 representations to the effect that he will
 
 perform his contractual obligation,
 
 and the plaintiff, in reliance thereon, forbears to sue in time.” Gilbert relies on article 9 in the contract with Appel to state a cause of action against Steelform under this rule of law.
 
 [3]
 
 Article 9 is somewhat ambiguous. It could be interpreted to mean that Appel has assumed the responsibility to correct its subcontractors’ defective work on its own, or that Appel had an arrangement with its subcontractors that permitted it to act as the subcontractors’ agent to bind them to correct their defective work. In any event, it is sufficiently ambiguous to allow evidence on its meaning or application. The burden of proof on Gilbert may be substantial but it is entitled to offer it. The court erred in dismissing this cause of action.
 

 The Action For Breach Of Warranty
 

 This cause of action by Gilbert against Steelform alleges breach of an implied warranty for failure to furnish proper materials and workmanship. The trial court dismissed this cause of action for lack of privity between Gilbert and Steelform. Gilbert’s response is that “privity is dead, duty is king,” and privity is no longer essential. Steelform concedes that, since
 
 MacPherson
 
 v.
 
 Buick Motor Co.
 
 217 N.Y. 382 [111 N.E. 1050] and
 
 Greenman
 
 v.
 
 Yuba Power Products, Inc.,
 
 59 Cal.2d 57 [27 Cal.Rptr. 697, 377 P.2d 897, 13 A.L.R.3d 1049], the courts of this state have abrogated the necessity of privity in cases sounding in negligence or strict liability, but not in true contract actions such as we have here.
 

 Under the facts of this case we do not need to decide the issue of privity, per se. Under Civil Code section 1559
 
 [4]
 
 and the cases interpreting it, we conclude Gilbert is a third party beneficiary of the contract between Appel and Steelform and therefore can sue for breach of the implied warranty of fitness.
 
 [5]
 
 California cases permit a third party to bring an action even though he is not specifically named as a
 
 *70
 
 beneficiary, if he is more than incidentally benefitted by the contract.
 
 (Shell
 
 v.
 
 Schmidt,
 
 126 Cal.App.2d 279, 290 [272 P.2d 82].) Section 1559 says “expressly for the benefit of the third party.” The word “expressly,” by judicial interpretation, has now come to mean merely the negative of “incidentally.” (See
 
 Martinez
 
 v.
 
 Socoma Companies: Problems in Determining Contract Beneficiaries’ Rights,
 
 and cases cited, 27 Hastings L.J. 137, 149.) Gilbert, under our decisional law, qualifies as an intended beneficiary. (See Rest.2d Contracts (Tent. Draft No. 4, Apr. 25, 1968) § 133, subd. (2).)
 

 California cases have generally adopted the donee-creditor classifications as enunciated in Restatement of Contracts, section 133. (See
 
 Southern Cal. Gas Co.
 
 v.
 
 ABC Construction Co.,
 
 204 Cal.App.2d 747, 752 [22 Cal.Rptr. 540], and
 
 Martinez
 
 v.
 
 Socoma Companies, Inc.,
 
 11 Cal.3d 394, 400-401 [113 Cal.Rptr. 585, 521 P.2d 841].) In
 
 Hartman Ranch Co.
 
 v.
 
 Associated Oil Co.,
 
 10 Cal.2d 232 [73 P.2d 1163], the court adopted the third party beneficiaiy approach where a sublessee assumed all phases of a lessee’s obligation in connection with an oil lease. The lessor was not a party to the agreement. In permitting the plaintiff lessor to sue the sublessee directly for breach of an implied covenant, the court stated (p. 245): “It is recognized that in contracts of the creditor beneficiaiy type the main purpose of the promisee is not to confer a benefit on the third party beneficiary, but to secure the discharge of his debt
 
 or performance of his duty
 
 to the third party. (2 Williston on Contracts, rev. ed., pp. 1046, 1056, 1103 . . . .)” (Italics added.) And in
 
 Lucas
 
 v.
 
 Hamm,
 
 56 Cal.2d 583 at page 591 [15 Cal.Rptr. 821, 364 P.2d 685], the Supreme Court again stated: “Insofar as intent to benefit a third person is important in determining his right to bring an action under a contract, it is sufficient that the promisor must have understood that the promisee had such intent. (Cf. Rest., Contracts, § 133, subds. 1(a) and 1(b); 4 Corbin on Contracts (1951) pp. 16-18; 2 Williston on Contracts (3d ed. 1959) pp. 836-839.)”
 

 In the case at bar the general contractor, Appel, had the duty under its contract with Gilbert to furnish all the material and labor necessary to construct the building in question. Steelform subcontracted with Appel to furnish the materials and labor necessary for the construction of the roof. Clearly, Steelform (the promissor) realized it was assuming Appel’s (the promisee) duties for this phase of the construction, and that Gilbert was the ultimate beneficiaiy of its performance as the owner of the building. Under the
 
 Hartman
 
 and
 
 Lucas
 
 rules,
 
 supra,
 
 Gilbert would obviously be a creditor beneficiary.
 

 
 *71
 
 We take this opportunity to add, however, that the creditor-donee dichotomy as applied to third party beneficiaries is beginning to vanish. Although the two concepts are still viable, the specific descriptive words are being dropped by the courts and academicians to permit broader application of the doctrine. Restatement Second of Contracts (Tent. Draft No. 4),
 
 supra,
 
 section 133, subdivisions (1),(2), for example, has recognized the need for a change and has done so by ehminating the creditor-donee terminology. To keep this opinion concise, we do not discuss the broader concepts, even though helpful to Gilbert, because determination of the issue is clear for the reasons stated. However, we refer the interested reader to an excellent comment on the subject in 27 Hastings L. J. 137,
 
 supra,
 
 titled
 
 Martinez
 
 v.
 
 Socoma Companies: Problems in Determining Contract Beneficiaries’ Rights.
 

 The judgment is reversed.
 

 Kaus, P. J., and Stephens, J., concurred.
 

 [1]
 

 The specific allegations in No. 9 are (paraphrased) as follows: The roofing contractors (Steelform) owed a duty to perform the work of construction with due care and to exercise reasonable diligence to assure that the building was free from defects of material and workmanship. Steelform negligently constructed and inspected the roof-top parking deck and the structural concrete portions of the building. As a proximate result of said negligence (a) the expansion joints, roof girders, roof joists, and roof-top parking deck are structurally unsound and collapsing, and (b) the water leakage occurs throughout the building.
 

 [2]
 

 The 11th cause of action alleges: that Steelform impliedly warranted to Gilbert that the rooftop parking deck and structural concrete portions of the building were reasonably fit for the purposes for which they were intended; that said work was performed with inferior workmanship and defective materials, which (a) caused the rooftop parking deck and structural concrete portions of the building to be unfit for the use intended, (b) caused the surfacing of the parking area to crack, peel, and wear, permitting water to leak into the building. It also alleged the expansion joists placed in the rooftop parking deck were structurally unsound, causing collapsing of the parking deck.
 

 [3]
 

 Article 9 of the contract states: “The contractor shall re-execute any work that fails to conform to the requirements of the contract and that appears during the progress of the work, and shall remedy any defects due to faulty materials or workmanship which appear within a period of one year from the date of completion of the contract. The provisions of this article apply to work done by subcontractors as well as to work done by direct employees of the Contractor.”
 

 [4]
 

 Civil Code, section 1559, provides as follows: “A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it.
 

 [5]
 

 Some jurisdictions use the third party beneficiary concept to find “privity.” We do not believe this fiction is necessary. (See Comment (1935) 23 Cal.L.Rev. 621, 625.)