[Civ. No. 66754. Second Dist., Div. Five. Oct. 19, 1983.]

LESLIE S. SHURPIN, Plaintiff and Appellant, v.
SUSANNA ISAACS ELMHIRST et al., Defendants and Respondents.

## Counsel

Lawrence Silver and Nancy C. Brown for Plaintiff and Appellant.

Carl J. Lane for Defendants and Respondents.

## Opinion

**STEPHENS, J.**—Appellant, Leslie Shurpin, appeals from a judgment of dismissal entered after a demurrer was sustained to his first amended complaint without leave to amend.

Shurpin's amended complaint is comprised of eight causes of action from which we are able to discern the following operative facts. On or about February 16, 1980, a landslide occurred in which mud and debris from defendant Susanna Elmhirst's property entered onto Shurpin's property. The debris destroyed the rear wall of Shurpin's guest house and caused substantial structural damage to the remaining portions of the house, its contents, fixtures and personal property contained therein.

In or about March 1980, defendant Elmhirst retained codefendant/respondent, Geosoils, for the purpose of submitting recommendations for the reconstruction of the slope. Geosoils prepared a report in which three alternative remedial means for rebuilding the failed slope were proposed. The slope was eventually reconstructed by another contractor.

On January 7, 1981, Shurpin filed a six-count complaint for damages arising from real and personal property trespass, negligence and nuisance. Named as defendants were Elmhirst and 50 Does. Injunctive relief was also sought for the purpose of abating the alleged nuisance that remained as a result of Elmhirst's maintenance of the property.

On January 21, 1981, Elmhirst answered, generally denying the allegations. As affirmative defenses, it was alleged that the complaint failed to state facts sufficient to constitute a cause of action, and that Shurpin was barred from recovery by waiver, laches, estoppel and unclean hands.

On August 10, 1981, Shurpin filed his first amended complaint adding as defendants Lillian and Frank Melograno, (the prior owners), Lil Melograno Associates, Inc., Vincent and Mary Bradley, the City of Los Angeles, and Geosoils, Inc. Along with the complaint for injunctive relief and damages

for trespass, negligence and nuisance, additional causes of action for fraud, breach of contract and declaratory relief were added.

On December 7, 1981, Geosoils demurred to the first amended complaint. Specifically, Geosoils demurred to the third cause of action for negligence, the fourth cause of action for nuisance, the fifth cause of action for fraud, and the sixth cause of action for breach of contract.

On December 16, 1981, Shurpin filed his memorandum in opposition. On December 22, 1981, the court sustained Geosoils' demurrer without leave to amend on the ground that Shurpin's complaint failed to state a cause of action.

On January 20, 1982, the court dismissed the action pursuant to Code of Civil Procedure section 581. Shurpin filed this appeal on January 29, 1982.

## DISCUSSION

■ The scope of our review is limited to a determination of whether Geosoils' demurrer was erroneously sustained without leave to amend and whether such a determination was an abuse of discretion. (*Pollack* v. *Lytle* (1981) 120 Cal.App.3d 931, 939 [175 Cal.Rptr. 81].) All material facts pleaded in the complaint and those which arise by reasonable implication are thus deemed true. (*Rodriguez* v. *Fireman's Fund Ins. Companies Inc.* (1983) 142 Cal.App.3d 46, 49, fn. 1 [190 Cal.Rptr. 705].) For the following reasons, we affirm in part and reverse in part the decision of the trial court.

### I

Shurpin's third cause of action in the first amended complaint is against defendant Geosoils for negligence. It establishes that defendant Elmhirst retained Geosoils after the slope on her land failed for the purpose of proposing alternative rebuilding methods as well as for the purpose of repairing and rebuilding the failed area.[1] It is further alleged that the agreement between Elmhirst and Geosoils was directly intended to benefit him, thus making him an intended third party beneficiary to the contract. Commensurate with this allegation, Shurpin's complaint continues by alleging that Geosoils owed a duty to him as a third party beneficiary to competently and profes-

---

[1] The record evidences that Geosoils did not perform the actual repairing or rebuilding of the slope. Shurpin concedes that Geosoils was employed solely for the purpose of proposing methods of reconstruction. The court properly took judicial notice of such a factual inconsistency in reaching its decision. (*Del E. Webb Corp.* v. *Structural Materials Co.* (1981) 123 Cal.App.3d 593, 604-605 [176 Cal.Rptr. 824].)

sionally inspect and test the slide area; to determine the source and cause of the initial failure; to submit recommendations that would adequately protect his property from future slide damage; and to competently and professionally rebuild the slope for his protection. The complaint goes on to allege that Geosoils breached its duty by negligently inspecting the property and failing to perform necessary tests to determine the condition of the slope; by failing to search the files and records of the department of building and safety which would have revealed prior slope failures; by submitting recommendations that did not bring the slope into compliance with current building codes and that inadequately protected his property from future slide damage, and by repairing and rebuilding the slope in a manner which did not ensure its stability for his protection. As a direct and proximate cause of this negligence, Shurpin sought damages for the substantial diminution of the market value of his property as well as for the future risk of slide damage from the inadequately supported slope.

■ In sustaining Geosoils' demurrer on this cause of action, the trial court concluded that Shurpin had not established that Geosoils owed any duty to him since the repair work contracted for was work contracted with defendant Elmhirst and not plaintiff Shurpin. The court failed to draw the distinction between the engineering work, which Geosoils did, and the physical ground work which it did not do.

In *Oakes* v. *McCarthy Co.* (1968) 267 Cal.App.2d 231 [73 Cal.Rptr. 127], relied upon principally by Shurpin, a lawsuit was initiated by plaintiff, a homeowner, against McCarthy Company, a real estate developer, Warren Company, the soil engineer, and Thompson Company, the company which actually performed soil compaction. Damage was sustained to Oakes' property as a result of improper soil compaction. Oakes brought one cause of action against Warren Company, the soil engineer, for the resulting negligence. The Court of Appeal held that although plaintiffs were not in privity of contract with Warren Company, the action was proper in negligence.

Geosoils' contention here is almost identical to the contentions made by Warren Company in the *Oakes* case. Here, as in *Oakes,* a substantial portion of Geosoils' brief is devoted to the contention that no duty was owed to plaintiff upon which liability for negligence can be predicated. Identical arguments were also advanced that the work performed was in the nature of professional advice and opinion and the duty of due care for this type of service should be confined to those in contract privy with the soil engineer. We disagree, as did the *Oakes* court.

Geosoils correctly points out that there are many distinguishable features of the *Oakes* case. First, the property purchased by the Oakes was directly

worked on by the soil engineer. In the present case, Geosoils did not perform any work on Shurpin's property. It provided only a recommendation for the reconstruction of codefendant Elmhirst's property. In spite of this distinguishing fact, we hold that Geosoils, acting in a professional capacity in designing corrective measures, owes a duty to those foreseeable plaintiffs. An adjacent downslope landowner is a foreseeable plaintiff.

The second distinguishing factor is that in *Oakes,* damage to plaintiff's property occurred after work was performed by the soil engineers. It is undisputed that here there has been no slope damage or physical damage to Shurpin's property since the execution of Geosoils' contractual obligation.

Shurpin's complaint adequately alleges that as a direct and proximate result of Geosoils' negligent action, his property is in immediate peril of future slide damage and that the property has a substantially diminished market value. Where confusion arises, however, is in the following. While the allegations of the complaint allege actual work performed by Geosoils, the record establishes what can be considered a stipulation that Geosoils prepared the design correction but did not perform the actual physical construction. It appears that the work performed may have been carried out only in accordance with the plan submitted by Geosoils. This fact remains unclear in the present existing complaint. Shurpin should be entitled to an opportunity to clearly plead and in doing so, in our opinion, could properly state a cause of action for negligence. For these reasons a duty is present and Shurpin may amend his action for negligence.

## II

Shurpin's fourth cause of action in the first amended complaint is for nuisance. It is alleged that "The actions of . . . Geosoils in repairing the property and the City in approving and permitting the repair of the property, in such a way that water, mud and debris was allowed to flow onto plaintiff's property constitutes a continuing nuisance as defined in Civil Code § 3479 as 'an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property. . . .'" As a result, Shurpin's prayer for damages includes the diminution of the market value of this property pursuant to Code of Civil Procedure section 731, and damages for the injury caused by the nuisance.

The court in affirming the demurrer concluded that Geosoils was not responsible for the maintenance of a nuisance.

Civil Code section 3479 states that a nuisance is "Anything which is injurious to health, or is indecent or offensive to the senses, or an obstruc-

tion to the free use of property, so as to interfere with the comfortable enjoyment of life or property . . . ."

■ Generally, a contractor is not liable for injuries that occur after the performance of a contract and the acceptance of the work by the employer. However, exceptions to this rule are exhibited when the work performed creates a nuisance per se. (*Portman* v. *Clementina Co.* (1957) 147 Cal.App.2d 651, 659 [305 P.2d 963].)

Shurpin alleged that Geosoils' work violates Civil Code section 3479. Accepting the truth of such allegation as we must (*Sackett* v. *Wyatt* (1973) 32 Cal.App.3d 592, 601 [108 Cal.Rptr. 219]), the violation of section 3479 constitutes a nuisance per se. (*Portman* v. *Clementina Co., supra,* 147 Cal.App.2d at p. 659.) Accordingly, not only is the party who maintains the nuisance liable but also the party or parties who create or assist in its creation are responsible for the ensuing damages. This, of course, is an allegation normally subject to proof. (See 47 Cal.Jur.3d, § 33, p. 254.) As a consequence, we conclude that the demurrer to this fourth cause of action without leave to amend was incorrectly sustained.[2]

## III

Shurpin's fifth cause of action in his first amended complaint is for fraud. Shurpin has alleged that Geosoils, by and through its agents, *represented to Elmhirst* that the inspections and testing to be performed would determine the cause of the slope failure, and that the repairs it recommended, and which it subsequently performed, would be adequate and would comply with the Municipal Code of the City of Los Angeles. The complaint continues that these representations were false, known to be false, and made with the intent to deceive and induce *Elmhirst* into executing the contract with Geosoils. Finally, it is alleged that *Elmhirst* did justifiably, reasonably and in fact relied upon Geosoils' representations and entered into this contract, thereby resulting in diminution of Shurpin's property.

■ In establishing a cause of action for deceit or fraud, a plaintiff must prove that a material and knowingly false representation was made with the intent to induce action, and that such representation caused reasonable and detrimental reliance on the part of the plaintiff. (*Block* v. *Tobin* (1975) 45 Cal.App.3d 214, 219 [119 Cal.Rptr. 288].) In spite of the allegation that Shurpin has standing to sue as an intended third party beneficiary to Geosoils' and Elmhirst's contract, Shurpin himself cannot assert that he reason-

---

[2]In reaching this disposition, it bears noting that both of Shurpin's causes of action would appear to face serious obstacles in the nature of proof.

ably and justifiably relied on Geosoils' statements to Elmhirst. For this reason, this cause of action was deficient and dismissal was proper.

## IV

Shurpin's sixth cause of action in the first amended complaint proceeds on the theory of breach of contract. Said cause of action is a variation of the third cause of action for negligence. It states in pertinent part that "subsequent to the failure of the slope, in or about March 1980, Elmhirst retained Geosoils, pursuant to an oral agreement, to perform an investigation of the slide area, to isolate the source and cause of the failure, to submit recommendations for the rebuilding of the slope, and, subsequently, to rebuild the slope in accordance with their recommendations. Implicit in the agreement was a representation that Geosoils would perform its obligation in a professional, competent and workmanlike manner. This agreement was intended to be for the direct benefit of plaintiff, who was a third party beneficiary thereof."

In sustaining the demurrer to this cause of action, the trial court concluded that since Shurpin was not a party to the contract between Geosoils and Elmhirst, he could not state a cause of action against Geosoils, even under a third party beneficiary theory. The court further stated that if Geosoils had breached its contract with Elmhirst, Shurpin may have a cause of action against Elmhirst who in turn could seek indemnification from Geosoils.

Shurpin relies substantially upon *Gilbert Financial Corp.* v. *Steelform Contracting Co.* (1978) 82 Cal.App.3d 65 [145 Cal.Rptr. 448]. In *Gilbert,* plaintiff Gilbert entered into a construction contract with Appel Construction Company for the purpose of constructing a building for Gilbert. Appel subcontracted to defendant Steelform for the supply of materials and for construction of the roof, roof top parking deck and accompanying structural components for the building. The building was substantially completed when it began to leak rainwater. Appel unsuccessfully undertook to correct the water leaks. Gilbert then retained its own engineers and contractors to solve the problem. These workmen discovered that defective workmanship and the materials employed by Steelform were responsible for the leakage. Gilbert sued Steelform and various defendants.

In its ninth and eleventh causes of action Gilbert alleged that Steelform acted in a negligent manner and breached an implied warranty. Demurrers were sustained to both counts. The trial court found the ninth cause of action

for negligence was barred by the statute of limitations. The eleventh cause of action for breach of warranty was determined to have lacked any showing of privity of contract. We reversed the two dismissals when we concluded that Gilbert was, in fact, a third party beneficiary of the contract between Appel and Steelform. Although not named in the contract, our interpretation of Civil Code section 1559 and the applicable cases then before us led us to conclude that Gilbert, as owner of the building, was the intended beneficiary of the roof work negligently performed by Steelform. We reached that decision by noting that "[t]he word 'expressly,' [found in Civ. Code, § 1559], by judicial interpretation, has now come to mean merely the negative of 'incidentally.'" (*Gilbert Financial Corp.* v. *Steelform Contracting Co., supra,* 82 Cal.App.3d at p. 70.)

Civil Code section 1559 states that "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." ▮ While Shurpin's failure to recite that the contract was expressly entered into for the intended benefit of Shurpin is not in and of itself fatal (*COAC, Inc.* v. *Kennedy Engineers* (1977) 67 Cal.App.3d 916, 919 [136 Cal.Rptr. 890]), enforcement of contracts by those who are only incidentally benefited is prohibited. (*Martinez* v. *Socoma Companies, Inc.* (1974) 11 Cal.3d 394, 400 [113 Cal.Rptr. 585, 521 P.2d 841].) We agree that Shurpin has obtained a certain amount of benefit from the reconstruction of Elmhirst's property. But we cannot agree that the intended purpose of the contract was to benefit Shurpin.

In *Gilbert,* Appel, the general contractor, had a duty to Gilbert to furnish all materials and labor necessary to construct *Gilbert's building.* We also found that when Steelform, the subcontractor, contracted with Appel to furnish materials and labor for the construction of the roof, it knew the work to be performed was unequivocally for the intended benefit of Gilbert. *Gilbert* presented a situation where the subcontractor literally stepped into the shoes of the contractor.

In the instant action, we have an oral contract between Geosoils and Elmhirst, the specifics of which are unknown. What is known is that Geosoils was to propose reconstruction plans on *Elmhirst's property,* not Shurpin's. All the cases relied upon by Shurpin present situations where the ultimate purchaser of the property was directly harmed by work performed on that land by a subcontractor. Furthermore, in those cases, failure of the structure on the real property resulted *after* the work was performed by the subcontractor. Neither situation is present here. The sustaining of the demurrer to Shurpin's sixth cause of action was therefore correct.

The sustaining of the demurrer to the third and fourth causes of action is reversed; otherwise, the judgment is affirmed. Costs to appellant.

Feinerman, P. J., and Hastings, J., concurred.