Filed 4/16/14  McCann v. J.P. Morgan Chase Bank CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| WILLIAM D. McCANN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>J.P. MORGAN CHASE BANK, et al.,<br><br>    Defendants and Respondents. | A137413<br><br>(Contra Costa County<br>Super. Ct. No. CIV MSC 1101729) |

## I. INTRODUCTION

In November 2011, appellant, a Nevada attorney, and his former wife, Debra McCann, filed a 13-cause of action first amended complaint against respondents seeking to set aside a trustee's sale of a piece of residential property in Danville, Contra Costa County, apparently occupied by Ms. McCann.  Appellant was a plaintiff as to only one of the 13 causes of action, one for quiet title.  The trial court sustained respondents' demurrer to that cause of action and entered judgment in favor of respondents and against appellant on that cause of action because appellant had failed to allege that he had title to any portion or interest in the property.  We agree and affirm the subsequent judgment entered in favor of respondents and against appellant.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In June 2007, Ms. McCann, then an "unmarried woman," secured a $1 million loan from Washington Mutual Bank, F.A., a predecessor in interest to respondent J. P. Morgan Chase Bank (Chase), in order to purchase a house on Kuss Road in Danville. The loan papers did not show appellant as a borrower.  Indeed, previously, i.e., via an

1

Interspousal Transfer Deed recorded on February 14, 2002, appellant had conveyed any ownership interest he may have had in the Danville property to Ms. McCann.

In September 2008, Chase acquired many assets and liabilities of Washington Mutual, including its interest in that loan. In, apparently, 2011, Ms. McCann defaulted on the loan. A "Notice of Default and Election to Sell Under Deed of Trust" was recorded on February 8, 2011, with the Contra Costa County Recorder's Office. On May 9, 2011, a Notice of Trustee's Sale in connection with the deed of trust was recorded in the same office; it indicated that a trustee's sale would take place on May 31, 2011.

On July 27, 2011, appellant and Ms. McCann filed their original complaint, containing 14 causes of action against respondents Chase and California Reconveyance Company. The following day, July 28, they filed an Application for an Order to Show Cause (OSC) and temporary restraining order. On August 26, 2011, respondents filed a demurrer to that complaint and all of its causes of action.

A hearing on the OSC was held on September 16, 2011. In its opinion after that hearing, the trial court denied the McCanns' request for a preliminary injunction, stating that their arguments based on Civil Code section 2923.5 and other bases "lack merit," and that the court was "concerned about what is apparently a continuing deterioration in the physical condition of the subject residence."

With regard to the demurrer filed the previous month by respondents, rather than opposing it, Ms. McCann and appellant opted to file a First Amended Complaint (FAC) on November 8, 2011. It consisted of 13 causes of action, only one of which named appellant as a plaintiff, i.e., the 10th cause of action for Quiet Title. It alleged that respondent Chase "has cast a cloud on the Plaintiff William D. McCann's undivided 10% (Ten percent) interest in the property." Ms. McCann was not a party plaintiff as to that cause of action.

On June 22, 2012, respondents filed a demurrer to the FAC and all of its causes of action. As to the 10th cause of action, that pleading stated that it failed to state facts sufficient to state a cause of action under Code of Civil Procedure section 430.10, subdivision (e).

2

On September 12, 2012, the trial court sustained respondents' demurrer to the 10th cause of action without leave to amend. It stated as to that cause of action: "Defendant's demurrer is sustained on the ground that plaintiff's allegations do not meet the statutory requirements for a quiet title action. (Code Civ. Proc., section 761.020.) Of particular concern, plaintiff has failed to allege that he in fact does have any 'title' to the subject property, much less 'the basis of the title.' (Id., subd. (b).)."

On October 22, 2012, the trial court entered a judgment of dismissal as to the FAC, i.e., a judgment in favor of respondents and against appellant. A notice of entry of that judgment was filed by respondents and served on appellant on October 25, 2012. Appellant filed a timely notice of appeal on December 21, 2012.[1]

### III. DISCUSSION

The sole issue on this appeal is one of law: did the trial court err in holding that the sole cause of action alleged by appellant in the FAC, i.e., the 10th cause of action for quiet title, was barred because, per the record before the trial court, appellant had long since foregone any interest in the Danville property? We have no difficulty in concluding that the trial court did not err, because the record establishes that appellant had long-since given up his interest in that property.

Code of Civil Procedure section 761.020 provides that a complaint in a quiet title action "shall be verified and shall include . . . (b) The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title." (Code Civ. Proc., § 761.020, subd. (b).)

First of all, contrary to the express requirement of that statute, the FAC was not verified by either plaintiff, i.e., appellant or Ms. McCann. Both the statute and case law applying it make clear that such verification is required. (See *Lewis v. Superior Court* (1994) 30 Cal.App.4th 1850, 1866.)

Second, appellant cannot validly assert a basis of the title he seeks, i.e., an "undivided 10% (Ten percent) interest in the property." That conclusion is supported by

---

[1] All three of these dates are misstated in respondents' brief as being in "2013."

two documents in the record: (1) an Interspousal Transfer Deed recorded on February 14, 2002 whereby "William hereby agrees and consents to transmute 280 Kuss Road, Danville, California, from community property to Debra's sole and separate property" effective upon the signing of the "Transmutation Agreement" on February 14, 2002; and (2) the 2007 deed of trust on that property lists Ms. McCann, "an unmarried woman," as the sole borrower on the 2007 deed of trust on the Danville property. Respondents requested judicial notice of both of these documents, a request appellant did not oppose and the court granted. (See *West v. J.P. Morgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 780, 802-803; *Ragland v. U.S. Bank National Assn.* (2012) 209 Cal.App.4th 182, 194; *Maryland Casualty Co. v. Reeder* (1990) 221 Cal.App.3d 961, 977; see also Evid. Code, §§ 452, 453.)

Finally, the law is clear that judicially-noticed matters are relevant in considering a demurrer. In *Del E. Webb Corp. v. Structural Materials Co.* (1981) 123 Cal.App.3d 593, 604, the court held: "As a general rule in testing a pleading against a demurrer the facts alleged in the pleading are deemed to be true, however improbable they may be. [Citation.] The courts, however, will not close their eyes to situations where a complaint contains allegations of fact inconsistent with attached documents, or allegations contrary to facts which are judicially noticed. [Citations.] Thus, a pleading valid on its face may nevertheless be subject to demurrer when matters judicially noticed by the court render the complaint meritless." (See also *City of Chula Vista v. County of San Diego* (1994) 23 Cal.App.4th 1713, 1719.) This principle applies here, as the judicially-noticed records clearly established that appellant had no interest in the Danville property.

In his sole brief to us,[2] appellant contends that (1) he adequately pled a quiet title cause of action, (2) if not, he should be allowed to amend it, and (3) the trial court was

---

[2] Appellant filed no reply brief. Additionally, in his brief to us appellant cites to the record in an entirely different appeal, i.e., Ms. McCann's appeal from the trial court's judgment dismissing all of her causes of action, save one, in the FAC, and permitting her to amend that one cause of action. Appellant assumes that the clerk's transcripts in the two appeals are the same, but they are not. Similarly, this appeal does not involve, as appellant assumes, any "appendices." Thus, appellant's citations to the record in his sole

4

wrong in finding his sole cause of action, i.e., the 10th cause of action for Quiet Title of the FAC, was dependent on the validity of Ms. McCann's pleadings.

None of these contentions addresses the key issue asserted by the trial court as the principal basis for its decision sustaining of the demurrer as to appellant's sole cause of action, i.e., for quiet title. That basis was, as noted above, that pursuant to Code of Civil Procedure section 761.020, subdivision (b), appellant was required, but failed to, assert "that he in fact does have any 'title' to the subject property, much less 'the basis of the title.' "

In his brief to us, and in support of his first contention, i.e., that he properly pled an action to quiet title, appellant argues that (a) he "does not have to plead . . . possession" and (b) he in fact alleged in the FAC that he had an " 'undivided 1/10 ownership interest in the property.' " However, neither of these arguments is of any consequence. We agree that appellant did not have to plead "possession;" indeed, neither respondents nor the trial court suggested at any point that such was an issue. The fact that he pled that he had a one-tenth ownership of the property is of no consequence in view of the substantial record before us—a record not addressed in the slightest by appellant—that, per documents of which both we and the trial court may take judicial notice, he had in fact long since divested himself of any interest in the Danville property.

That fact also answers appellant's second contention, i.e., that he should be allowed leave to amend the FAC. First of all, per the documents submitted by respondents to the trial court, no amendment that appellant could submit could cure the result dictated by the judicially-noticed documents regarding title to the Danville property. Second, the grant or denial of a motion to amend is reviewed for abuse of discretion. (See, e.g., *Montclair Parkowners Assn. v. City of Montclair* (1999) 76

_____

brief to us are (except for a few to the reporter's transcript) of no value. However, the record does include several important documents omitted from the clerk's transcript, but before us via a motion to augment filed by respondents on January 6, 2014, and granted by this court on February 10, 2014.

5

Cal.App.4th 784, 790.) Under the circumstances described above, there clearly was no such abuse here.

Regarding appellant's third contention, although in its ruling sustaining the demurrer to the 10th cause of action in the FAC, the trial court mentioned its earlier rulings regarding Ms. McCann's nine prior causes of action, it made clear that such was not the principal basis for its sustaining of the demurrer to appellant's quiet title cause of action. Again, that cause of action fails because the record clearly shows that appellant had, much earlier, divested himself of any title to the Danville property.

## IV. DISPOSITION

The judgment is affirmed.

_____
Haerle, J.

We concur:

_____
Kline, P.J.

_____
Brick, J.*

* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.