Filed 11/28/23  Tchejeyan v. Los Angeles SMSA Limited Partnership CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| GREGORY TCHEJEYAN, Plaintiff and Appellant, v. LOS ANGELES SMSA LIMITED PARTNERSHIP et al., Defendants and Respondents. | 2d Civil No. B329264 (Super. Ct. No. 56-2022-00570848-CU-MC-VTA) (Ventura County) |

Gregory Tchejeyan appeals the judgment after the trial court sustained the respondents' demurrer to the first amended complaint without leave to amend.  We affirm.

## FACTUAL AND PROCEDURAL HISTORY

### *Special use permit approval*

In August 2019, the Planning Commission of the City of Thousand Oaks (Planning Commission) approved Los Angeles SMSA Limited Partnership dba Verizon Wireless (Verizon)'s

special use permit to install a wireless telecommunications facility on property owned by the California Water Service Company. Tchejeyan appealed the Planning Commission's decision to the City Council of the City of Thousand Oaks (the City Council).

In January 2020, the City Council denied the appeal and adopted Resolution 2020-002 (the Resolution), which approved Verizon's special use permit allowing the installation of the facility. The Resolution included several conditions for approval of the special use permit. As relevant here, condition 7 requires that fencing be "installed at a distance from the face of the antennas as determined by Condition No. 8d" to comply with FCC guidelines. Condition 7 further states that "[p]rior to the issuance of a building permit, the applicant shall provide details on the . . . fencing subject to review and approval by the Community Development Department."

Condition 8 pertains to facility emissions testing[1] to "determine the exact location of the safety fencing/barriers for each antenna sector." Condition 8d requires the permittee, based on the results of the testing, to "place and thereafter maintain permanent fencing . . . to exclude all members of the General Population from entering any portion of the property surrounding the project site that exceeds" the radiofrequency exposure guidelines set forth by the FCC. Condition 21 addresses modifications to the facility. It states: "Any expansion or modification of the facility shall unless otherwise preempted by Federal or State regulation, . . . require the filing of the

---

[1] Facility emissions testing measures radiofrequency emission levels to ensure compliance with FCC public safety guidelines.

appropriate application and approval of such application by the City."

*The 2020 writ petition*

In July 2020, Tchejeyan petitioned for a writ of administrative mandate (Code Civ. Proc., § 1094.5) seeking to set aside the Resolution, prevent the construction of the facility, and obtain a declaratory judgment that Verizon's permit application was null and void. He alleged the construction of the wireless communications facility violated federal, state, and local laws.

The City Council moved to dismiss the writ petition with prejudice on the ground that Tchejeyan served the petition outside the 90-day statute of limitations (Gov. Code, § 65009, subd. (c)(1)(E)). The trial court granted the motion and dismissed the petition. We affirmed the judgment of dismissal. (*Tchejeyan v. City Council of Thousand Oaks* (July 7, 2021, B309108) [nonpub. opn.].)

*The 2022 lawsuit*

In October 2022, Tchejeyan filed a lawsuit against Verizon, the Planning Commission, the City Council, the City of Thousand Oaks (the City), and the California Water Service Company (collectively Respondents). In the first amended complaint, he sought to enjoin Respondents from "unlawfully constructing (and/or allowing the construction of) a wireless communications facility . . . that violates and/or materially exceeds the scope of [the Resolution]." He alleged that Verizon changed the type of antennas to be installed, requiring an increase in mitigation fencing from the face of the antennas (from three to seven feet to 15 to 20 feet) to accommodate the new antennas' greater radiofrequency emissions. He argued Verizon's modification of increased fencing under the same special use permit constituted

3

a "bait and switch" and exceeded the scope of the express conditions of approval for the special use permit, since the Planning Commission, the City, and the City Council did not consider the visual impact of the increased mitigation fencing. He alleged a modification application was required under condition 21.

Tchejeyan alleged three causes of action: declaratory relief and two causes of action for a "[c]ivil [a]ction under [Government Code section] 36900" for violations of city ordinances. Tchejeyan sought a judicial declaration that the telecommunications facility, featuring the new antennas and increased mitigation fencing, violated and exceeded the scope of the Resolution. He sought a restraining order and preliminary injunction preventing construction of the facility.

Respondents demurred to the first amended complaint. They argued, among other things, that the amended complaint did not identify any permit conditions requiring a "specific type of antenna or equipment for the wireless telecommunications facility at issue." They submitted judicially noticed records in support of their demurrer, including the Resolution and the conditions for approval of the permit.

After taking judicial notice of the special use permit, the Resolution, and the conditions of approval, the trial court sustained the demurrer without leave to amend. The court found "there [was] no demonstrated 'bait and switch.'" To the extent Tchejeyan claimed the new antennas and mitigation fencing were inconsistent with the special use permit, the trial court found he "failed to allege how they [were] inconsistent with or violate[d] any special provision of the [special use permit]. If there is no violation of the [special use permit] by Verizon's intended

4

development, there can be no violation of any City ordinance or [Gov.] Code section 36900."

DISCUSSION

Tchejeyan contends the trial court erred in sustaining the demurrer to the first amended complaint without leave to amend. We disagree.

We review the order sustaining the demurrer de novo, accepting the truth of material facts properly pleaded but not contentions, deductions, or conclusions of fact or law. (*Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924.) "The courts, however, will not close their eyes to situations where a complaint contains allegations of fact inconsistent with attached documents, or allegations contrary to facts which are judicially noticed. [Citations.] Thus, a pleading valid on its face may nevertheless be subject to demurrer when matters judicially noticed by the court render the complaint meritless." (*Del E. Webb Corp. v. Structural Materials Co.* (1981) 123 Cal.App.3d 593, 604.)

A demurrer should be sustained where the complaint fails to allege facts sufficient to state a cause of action. (Code Civ. Proc., § 430.10, subd. (e); *Balikov v. Southern Cal. Gas Co.* (2001) 94 Cal.App.4th 816, 819-820.) "A judgment of dismissal after a demurrer has been sustained without leave to amend will be affirmed if proper on any grounds stated in the demurrer, whether or not the court acted on that ground." (*Carman v. Alvord* (1982) 31 Cal.3d 318, 324.)

Here, the trial court did not err in sustaining the demurrer because Tchejeyan's amended complaint failed to plead facts sufficient to state a cause of action. Tchejeyan alleged Respondents exceeded the scope of the special use permit and the

5

Resolution by continuing construction of the wireless telecommunications facility despite an increase in mitigation fencing to accommodate a new type of antenna. Because the Planning Commission only considered three to seven feet of mitigation fencing before approving the special use permit, Tchejeyan alleged Respondents were required to submit a modification permit under condition 21. However, the special use permit application, the Resolution, and the conditions for approval do not specify the measurements of the mitigation fencing or the type of antenna to be installed.[2]

When the City defendants approved the special use permit and adopted the Resolution, the location and measurements of the mitigation fencing to accommodate the radiofrequency emissions from the facility's antennas had yet to be determined. Conditions 7 and 8 require that to "comply with FCC guidelines," the fencing "shall be installed at a distance from the face of the antennas as determined by" facility emission testing. Such testing will determine "the exact location of the safety fencing/barriers for each antenna sector" to exclude the public from entering areas that exceed the public radiofrequency exposure limits as set forth by the FCC. Tchejeyan does not challenge the increased radiofrequency emissions from the new antennas.

Here, it was determined after further testing that 15 to 20 feet of fencing was necessary to comply with FCC safety

---

[2] Condition 3 does not specify an antenna type, but instead states that the maximum height of the antenna shall be "at the maximum staggered tip height of 14' and 12' from the existing finished grade." Tchejeyan did not allege that the antennas exceeded these height limitations.

guidelines because "emissions testing dictate the fence placement," as required by conditions 7 and 8. And condition 21 provides that modification permits are not required if modification of the wireless communications facility is "preempted by Federal or State regulation," such as the FCC guidelines. Here, modification of the barrier fencing to accommodate radiofrequency emissions from the facility is not subject to condition 21 because it is preempted by FCC guidelines governing radiofrequency emissions. (See *Cohen v. Apple, Inc.* (9th Cir. 2022) 46 F.4th 1012, 1029-1031.)

We therefore conclude Tchejeyan failed to plead facts to show Respondents exceeded the scope of the Resolution and the special use permit. The judicially noticed documents here contradict the allegations in his amended complaint. (*Del E. Webb Corp. v. Structural Materials Co.*, *supra*, 123 Cal.App.3d at p. 604.) Because we affirm the trial court's order sustaining the demurrer on these grounds, we do not consider the alternative grounds in Respondents' brief.

To the extent Tchejeyan contends the trial court erred when it did not grant him leave to amend his first amended complaint, we conclude there was no error. We review the court's order for abuse of discretion, which Tchejeyan can show "if there is a reasonable possibility that the pleading could be cured by amendment." (*Ochs v. PacifiCare of California* (2004) 115 Cal.App.4th at 782, 796.) Here, Tchejeyan has not carried his burden to show a reasonable possibility the pleading could be cured by an amendment. He has not proposed any additional facts demonstrating that Respondents violated a specific condition of approval. Thus, he has not demonstrated the court abused its discretion in denying leave to amend.

7

## DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:



GILBERT, P. J.



YEGAN, J.

Henry J. Walsh, Judge

Superior Court County of Ventura

_____

Kirtland & Packard, Michael Louis Kelly and Connor M. Karen for Plaintiff and Appellant.

Tracy Noonan, City Attorney, David S. Womack, Assistant City Attorney; Gatzke Dillon & Ballance, Kevin P. Sullivan and Yana L. Ridge for Defendants and Respondents City of Thousand Oaks, City Council of the City of Thousand Oaks and Planning Commission of the City of Thousand Oaks.

Gatzke Dillon & Ballance, Kevin P. Sullivan and Yana L. Ridge for Defendants and Respondents Los Angeles SMSA Limited Partnership and California Water Service Company.